B201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1167 filing fee, $46 administrative fee: Total fee $1213)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**United States Bankruptcy Court**

**Northern District of Illinois, Eastern Division**

**IN RE:**                                                                  Case No. _____

Ciavarella, Leonard Lewis _____    Chapter **7** _____

                              Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

_____

_____

**X** _____

Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or partner whose Social Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.)
(Required by 11 U.S.C. § 110.)

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Ciavarella, Leonard Lewis _____    **X** */s/ Leonard Lewis Ciavarella*              1/14/2014

Printed Name(s) of Debtor(s)                              Signature of Debtor                          Date

Case No. (if known) _____    **X** _____

                                                              Signature of Joint Debtor (if any)              Date

_____

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

B1 (Official Form 1) (04/13)

| **United States Bankruptcy Court**<br>**Northern District of Illinois, Eastern Division** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Ciavarella, Leonard Lewis** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):   **2122** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**1061 S Main Dr**<br>**Lombard, IL**<br><br>ZIPCODE **60148-3937** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- ☑ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtor**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check **one** box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached

- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)                                                                                                          Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Ciavarella, Leonard Lewis** |
|---|---|

### All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  /s/ Mazyar M. Hedayat                                    1/14/14<br>  Signature of Attorney for Debtor(s)                        Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                            Page 3

| **Voluntary Petition** _(This page must be completed and filed in every case)_ | Name of Debtor(s): **Ciavarella, Leonard Lewis** |
|---|---|

| **Signatures** ||

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/ Leonard Lewis Ciavarella_
Signature of Debtor              **Leonard Lewis Ciavarella**

X _____
Signature of Joint Debtor

**(630) 664-5962**
Telephone Number (If not represented by attorney)

**January 14, 2014**
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

| **Signature of Attorney\*** | **Signature of Non-Attorney Petition Preparer** |
|---|---|

X _/s/ Mazyar M. Hedayat_
Signature of Attorney for Debtor(s)

**Mazyar M. Hedayat 6226806**
**M. Hedayat & Associates, P.C.**
**1211 Lakeview Ct.**
**Romeoville, IL  60446**
**(630) 378-2200  Fax: (630) 578-2878**
**mhedayat@mha-law.com**

**January 14, 2014**
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

_A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156._

| **Signature of Debtor (Corporation/Partnership)** ||
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B6 Summary (Official Form 6 - Summary) (12/13)

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

IN RE:                                                              Case No. _____

Ciavarella, Leonard Lewis _____   Chapter **7** _____
                           Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 186,000.00 | | |
| B - Personal Property | Yes | 3 | $ 3,900.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 285,088.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $ 9,017.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $ 1,406.04 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $ 2,034.97 |
| TOTAL | | 14 | $ 189,900.00 | $ 294,105.00 | |

**B 6 Summary (Official Form 6 - Summary) (12/13)**

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

| | |
|---|---|
| IN RE: | Case No. _____ |
| Ciavarella, Leonard Lewis | Chapter **7** _____ |
| Debtor(s) | |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

      If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

      ☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| **TOTAL** | $ | **0.00** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 12) | $ | **1,406.04** |
| Average Expenses (from Schedule J, Line 22) | $ | **2,034.97** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | **1,850.12** |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | **99,088.00** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | **0.00** | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | **0.00** |
| 4. Total from Schedule F | | $ | **9,017.00** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | **108,105.00** |

**B6A (Official Form 6A) (12/07)**

IN RE <u>Ciavarella, Leonard Lewis</u>                                        Case No. _____
                             Debtor(s)                                                       (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **1061 S Main Dr, Lombard, IL 60148** | | | **186,000.00** | **285,088.00** |
| | | **TOTAL** | **186,000.00** | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

IN RE **Ciavarella, Leonard Lewis** _____    Case No. _____
_____Debtor(s)                                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | **Cash on Hand** | | **100.00** |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Fifth third Checking Acct.** | | **400.00** |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **Household goods, TV, PC** | | **350.00** |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Clothes** | | **100.00** |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

B6B (Official Form 6B) (12/07) - Cont.

**IN RE** Ciavarella, Leonard Lewis

Debtor(s)                                    Case No. _____

(If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | | **1994 FORD TRUCK F150 Pickup Styleside Lightning Good Condition 230,000 miles, value from KBB.com**<br><br>**1997 OLDSMOBILE Cutlass-V6 Sedan 4D GL Good Condition 160,000 miles value from KBB.com** | | **1,400.00**<br><br>**1,550.00** |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

IN RE **Ciavarella, Leonard Lewis**                                                                    Case No. _____
_____                                                        (If known)
                        Debtor(s)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **3,900.00** |

_____ **0** continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

**B6C (Official Form 6C) (04/13)**

**IN RE** Ciavarella, Leonard Lewis _____   Case No. _____
Debtor(s)                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:                    ☐ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **1061 S Main Dr, Lombard, IL 60148** | **735 ILCS 5 §12-901** | **15,000.00** | **186,000.00** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Cash on Hand** | **735 ILCS 5 §12-1001(b)** | **100.00** | **100.00** |
| **Fifth third Checking Acct.** | **735 ILCS 5 §12-1001(b)** | **400.00** | **400.00** |
| **Household goods, TV, PC** | **735 ILCS 5 §12-1001(b)** | **350.00** | **350.00** |
| **Clothes** | **735 ILCS 5 §12-1001(a)** | **100.00** | **100.00** |
| **1994 FORD TRUCK F150 Pickup Styleside Lightning** | **735 ILCS 5 §12-1001(c)** | **850.00** | **1,400.00** |
| | **735 ILCS 5 §12-1001(b)** | **550.00** | |
| **Good Condition 230,000 miles, value from KBB.com** | | | |
| **1997 OLDSMOBILE Cutlass-V6 Sedan 4D GL** | **735 ILCS 5 §12-1001(c)** | **1,550.00** | **1,550.00** |
| **Good Condition 160,000 miles value from KBB.com** | | | |

* Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**B6D (Official Form 6D) (12/07)**

IN RE <u>Ciavarella, Leonard Lewis</u>                Case No. _____
Debtor(s)                     (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4312** <br><br> **Chase** <br> **PO Box 24696** <br> **Columbus, OH 43224-0696** | | H | **Mortgage account opened 4/1/2007** <br><br><br> VALUE $ **186,000.00** | | | | **285,088.00** | **99,088.00** |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |
| ACCOUNT NO. | | | <br><br> VALUE $ | | | | | |

_____ **0** continuation sheets attached

Subtotal<br>(Total of this page)    $ <b>285,088.00</b>   $ <b>99,088.00</b><br><br>
Total<br>(Use only on last page)    $ <b>285,088.00</b>   $ <b>99,088.00</b>

(Report also on Summary of Schedules.)      (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/13)

IN RE Ciavarella, Leonard Lewis _____    Case No. _____
                    Debtor(s)                                              (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** continuation sheets attached

B6F (Official Form 6F) (12/07)

IN RE Ciavarella, Leonard Lewis                                           Case No. _____
                    Debtor(s)                                                          (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 9921<br><br>**Bank of America<br>Attention: Recovery Department<br>4161 Piedmont Pkwy<br>Greensboro, NC  27410-8110** | | H | **Revolving account opened 3/1/2003** | | | | **1,011.00** |
| ACCOUNT NO. 4944<br><br>**Bank of America<br>PO Box 982235<br>El Paso, TX  79998-2235** | | H | **Revolving account opened 6/1/2000** | | | | **707.00** |
| ACCOUNT NO. 3459<br><br>**Capital 1 Bank<br>Attn: Bankruptcy Dept.<br>PO Box 30285<br>Salt Lake City, UT  84130-0285** | | H | **Revolving account opened 10/1/2000** | | | | **1,634.00** |
| ACCOUNT NO. 7383<br><br>**Chase<br>PO Box 15298<br>Wilmington, DE  19850-5298** | | H | **Revolving account opened 3/1/2005** | | | | **664.00** |

__1__ continuation sheets attached

Subtotal
(Total of this page)  $  **4,016.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  $

IN RE **Ciavarella, Leonard Lewis** _____    Case No. _____
_____Debtor(s)_____    _____(If known)_____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7191** <br><br>**Discover Fin Svcs LLC** <br>**PO Box 15316** <br>**Wilmington, DE  19850-5316** | | H | **Revolving account opened 6/1/1999** | | | | **21.00** |
| ACCOUNT NO. **6963** <br><br>**Fifth Third Bank** <br>**Fifth Third Bank Bankruptcy Department,** <br>**1830 E Paris Ave SE # Rscb3e** <br>**Grand Rapids, MI  49546-6253** | | H | **Revolving account opened 5/1/2008** | | | | **613.00** |
| ACCOUNT NO. **1558** <br><br>**Regions Bankcard** <br>**2050 Parkway Office Cir** <br>**Hoover, AL  35244-1805** | | H | **Revolving account opened 12/1/1994** | | | | **2,304.00** |
| ACCOUNT NO. **7771** <br><br>**Wells Fargo Card Ser** <br>**1 Home Campus Fl 3** <br>**Des Moines, IA  50328-0001** | | H | **Revolving account opened 12/1/2005** | | | | **2,063.00** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _____**1**___ of _____**1**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **5,001.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ **9,017.00**

B6G (Official Form 6G) (12/07)

IN RE **Ciavarella, Leonard Lewis** _____   Case No. _____
                                    Debtor(s)                                          (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

**B6H (Official Form 6H) (12/07)**

IN RE <u>Ciavarella, Leonard Lewis</u>                                        Case No. _____
                          Debtor(s)                                                                          (If known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**Fill in this information to identify your case:**

Debtor 1 **Leonard Lewis Ciavarella**
First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Northern District of Illinois, Eastern Division

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 6I

# Schedule I: Your Income
12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may Include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | _____ | _____ |
| Employer's name | _____ | _____ |
| Employer's address | _____<br>Number   Street<br>_____<br>_____<br>City    State   ZIP Code | _____<br>Number   Street<br>_____<br>_____<br>City    State   ZIP Code |
| How long employed there? | _____ | _____ |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $_____ | $_____ |
| 3. **Estimate and list monthly overtime pay.** | 3. + $_____ | + $_____ |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. $_____ | $_____ |

Debtor 1    **Leonard Lewis Ciavarella**

First Name    Middle Name    Last Name

Case number (if known) _____

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ................................................➔ 4. | $_____ | $_____ |

5. **List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $_____ | $_____ |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $_____ | $_____ |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $_____ | $_____ |
| 5d. **Required repayments of retirement fund loans** | 5d. | $_____ | $_____ |
| 5e. **Insurance** | 5e. | $_____ | $_____ |
| 5f. **Domestic support obligations** | 5f. | $_____ | $_____ |
| 5g. **Union dues** | 5g. | $_____ | $_____ |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $_____ | + $_____ |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $_____ | $_____ |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $_____ | $_____ |

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.

8a.    $ **0.00**    $_____

8b. **Interest and dividends**    8b.    $_____    $_____

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $_____    $_____

8d. **Unemployment compensation**    8d.    $ **1,406.04**    $_____

8e. **Social Security**    8e.    $_____    $_____

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

Specify: _____    8f.    $_____    $_____

8g. **Pension or retirement income**    8g.    $_____    $_____

8h. **Other monthly income.** Specify: _____    8h.    + $_____    + $_____

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.    9.    $ **1,406.04**    $_____

10. **Calculate monthly income.** Add line 7 + line 9.

Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10.    $ **1,406.04**  +  $_____  =  $ **1,406.04**

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + $_____

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.

Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12.    $ **1,406.04**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain:    **None**

**Fill in this information to identify your case:**

Debtor 1 __Leonard Lewis Ciavarella__
First Name          Middle Name          Last Name

Debtor 2 _____
(Spouse, if filing) First Name        Middle Name          Last Name

United States Bankruptcy Court for the: Northern District of Illinois, Eastern Division

Case number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form 6J

# Schedule J: Your Expenses

12/13

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1:    Describe Your Household

1. **Is this a joint case?**

☑ No. **Go to line 2.**
☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No
    ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☑ No
☐ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)**

| | | **Your expenses** |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ __1,432.27__ |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | $_____ |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $_____ |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $_____ |
| 4d. Homeowner's association or condominium dues | 4d. | $_____ |

Debtor 1    **Leonard Lewis Ciavarella** _____ ____ ____ _____    Case number (*if known*) ____ _____ _____ ____ _____ _____ ____
    First Name      Middle Name      Last Name

| | | Your expenses |
|---|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans     5.   $ _____

6. **Utilities:**

    6a.   Electricity, heat, natural gas     6a.   $ _____**50.00**_____

    6b.   Water, sewer, garbage collection     6b.   $ _____**50.00**_____

    6c.   Telephone, cell phone, Internet, satellite, and cable services     6c.   $ _____**49.00**_____

    6d.   Other. Specify: **See Schedule Attached**     6d.   $ _____**203.70**_____

7. **Food and housekeeping supplies**     7.   $ _____**80.00**_____

8. **Childcare and children's education costs**     8.   $ _____

9. **Clothing, laundry, and dry cleaning**     9.   $ _____**20.00**_____

10. **Personal care products and services**     10.   $ _____**12.00**_____

11. **Medical and dental expenses**     11.   $ _____

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.     12.   $ _____**80.00**_____

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**     13.   $ _____

14. **Charitable contributions and religious donations**     14.   $ _____

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

    15a.   Life insurance     15a.   $ _____

    15b.   Health insurance     15b.   $ _____

    15c.   Vehicle insurance     15c.   $ _____**58.00**_____

    15d.   Other insurance. Specify: _____     15d.   $ _____

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____     16.   $ _____

17. **Installment or lease payments:**

    17a.   Car payments for Vehicle 1     17a.   $ _____

    17b.   Car payments for Vehicle 2     17b.   $ _____

    17c.   Other. Specify: _____     17c.   $ _____

    17d.   Other. Specify: _____     17d.   $ _____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from
your pay on line 5, Schedule I, Your Income** (Official Form 6I).     18.   $ _____

19. **Other payments you make to support others who do not live with you.**
Specify: _____     19.   $ _____

20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**

    20a.   Mortgages on other property     20a.   $ _____

    20b.   Real estate taxes     20b.   $ _____

    20c.   Property, homeowner's, or renter's insurance     20c.   $ _____

    20d.   Maintenance, repair, and upkeep expenses     20d.   $ _____

    20e.   Homeowner's association or condominium dues     20e.   $ _____

Debtor 1    **Leonard Lewis Ciavarella**                                    Case number (if known) _____

     First Name      Middle Name      Last Name

---

21.  **Other**. Specify: _____    21.  **+**$ _____

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.               22.  $    **2,034.97**

23.  **Calculate your monthly net income.**

    23a.  Copy line 12 (*your combined monthly income*) from *Schedule I.*    23a.  $    **1,406.04**

    23b.  Copy your monthly expenses from line 22 above.    23b.  **−**$    **2,034.97**

    23c.  Subtract your monthly expenses from your monthly income.
         The result is your *monthly net income.*    23c.  $    **-628.93**

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☑ No.
    ☐ Yes.   **None**

---

**IN RE** Ciavarella, Leonard Lewis             Case No. _____

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

Other Utilities

| | |
|---|---|
| **Garbage** | **47.70** |
| **Internet** | **36.00** |
| **cable** | **120.00** |

B6 Declaration (Official Form 6 – Declaration) (12/07)

**IN RE** <u>Ciavarella, Leonard Lewis</u>                                                                 Case No. _____
_____
Debtor(s)                                                                                                                    (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**16** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **January 14, 2014**_____          Signature: **/s/ Leonard Lewis Ciavarella**_____
                                                                                        **Leonard Lewis Ciavarella**                                           Debtor

Date: _____          Signature: _____
                                                                                                                                                            (Joint Debtor, if any)
                                                                                                     [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer                      Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer                                                                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____          Signature: _____

_____
(Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

**United States Bankruptcy Court**

**Northern District of Illinois, Eastern Division**

IN RE:                                                                    Case No. _____

**Ciavarella, Leonard Lewis** _____    Chapter **7** _____

                                    Debtor(s)

## STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2),(31).

---

**1. Income from employment or operation of business**

None ☐    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT    SOURCE

  17,299.00  2009 3rd party Tax Transcript for Leonard . Ciavarella

# of Exemptions 1, Tax Paid:$0.00, Refund:$1,946.00

  19,907.00  2010 3rd party Tax Transcript for Leonard . Ciavarella

# of Exemptions 1, Tax Paid:$0.00, Refund:$1,129.00

  24,885.00  2011 3rd party Tax Transcript for Leonard . Ciavarella

# of Exemptions 1, Tax Paid:$0.00, Refund:$627.00

  37,390.00  2012 3rd party Tax Transcript for Leonard . Ciavarella

# of Exemptions 1, Tax Paid:$0.00, Refund:$987.00

---

**2. Income other than from employment or operation of business**

None ☑    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*

None ☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,255.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **M. Hedayat & Associates, P.C.**<br>**1211 Lakeview Ct.**<br>**Romeoville, IL  60446** | | **$999.00** |

**10. Other transfers**

None ☑ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑  a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

None ☑  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **January 14, 2014**          Signature  ***/s/ Leonard Lewis Ciavarella***
                                    of Debtor                                    **Leonard Lewis Ciavarella**

Date: _____       Signature  _____
                                    of Joint Debtor
                                    (if any)

_____**0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

B8 (Official Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

**IN RE:**                                                                Case No. _____

**Ciavarella, Leonard Lewis**                                            Chapter **7** _____

Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** <br> **Chase** | **Describe Property Securing Debt:** <br> **1061 S Main Dr, Lombard, IL 60148** |

Property will be *(check one)*:
- [ ] Surrendered  [✔] Retained

If retaining the property, I intend to *(check at least one)*:
- [ ] Redeem the property
- [✔] Reaffirm the debt
- [ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- [✔] Claimed as exempt  [ ] Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
- [ ] Surrendered  [ ] Retained

If retaining the property, I intend to *(check at least one)*:
- [ ] Redeem the property
- [ ] Reaffirm the debt
- [ ] Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
- [ ] Claimed as exempt  [ ] Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): <br> [ ] Yes [ ] No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): <br> [ ] Yes [ ] No |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____**January 14, 2014**_____      ***/s/ Leonard Lewis Ciavarella***_____
                                            Signature of Debtor

                                            _____
                                            Signature of Joint Debtor

**United States Bankruptcy Court**
**Northern District of Illinois, Eastern Division**

**IN RE:**                                                                Case No. _____

Ciavarella, Leonard Lewis _____    Chapter **7** _____
                        Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors _____ **9**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.


Date: **January 14, 2014** _____    */s/ Leonard Lewis Ciavarella* _____
                                            Debtor


                                            _____

                                            Joint Debtor

**Ciavarella, Leonard Lewis**
**1061 S Main Dr**
**Lombard, IL 60148-3937**

**Wells Fargo Card Ser**
**1 Home Campus Fl 3**
**Des Moines, IA 50328-0001**

**M. Hedayat & Associates, P.C.**
**1211 Lakeview Ct.**
**Romeoville, IL 60446**

**Bank of America**
**Attention: Recovery Department**
**4161 Piedmont Pkwy**
**Greensboro, NC 27410-8110**

**Bank of America**
**PO Box 982235**
**El Paso, TX 79998-2235**

**Capital 1 Bank**
**Attn: Bankruptcy Dept.**
**PO Box 30285**
**Salt Lake City, UT 84130-0285**

**Chase**
**PO Box 24696**
**Columbus, OH 43224-0696**

**Chase**
**PO Box 15298**
**Wilmington, DE 19850-5298**

**Discover Fin Svcs LLC**
**PO Box 15316**
**Wilmington, DE 19850-5316**

**Fifth Third Bank**
**Fifth Third Bank Bankruptcy Department,**
**1830 E Paris Ave SE # Rscb3e**
**Grand Rapids, MI 49546-6253**

**Regions Bankcard**
**2050 Parkway Office Cir**
**Hoover, AL 35244-1805**